JUSTICE LEAPHART,
dissenting.
¶64 I concur with the resolution of issue four and dissent from issues one, two and three.
¶65 In issue one, the Court concludes that the District Court did not abuse its discretion when it denied Mortensen’s proposed jury instruction on intervening, superseding cause. In reaching that conclusion, the Court reasons that:
The consequences of serving alcohol to a person who is visibly intoxicated are reasonably foreseeable precisely because of the causal relationship between serving alcohol and drunken conduct. Wells’ drunken conduct was not freakish, bizarre, or unpredictable as Mortensen asserts. Rather, drunken conduct is the expected, predictable, and therefore reasonably foreseeable outcome of serving alcohol to a person who is already intoxicated.
¶66 In concluding that all “drunken conduct” is the reasonably foreseeable result of serving alcohol, the Court casts with too broad a net. Under the Court’s reasoning, absolutely anything that Wells did after Mortensen served him would constitute “drunken conduct” and thus be foreseeable. If he had traveled in his wheelchair down the street and robbed the local convenience store in order to obtain more alcohol, that too would be drunken conduct, but could Mortensen have reasonably foreseen this conduct? I doubt it.
¶67 At best it can be argued that if one serves alcohol to an already intoxicated person, it is foreseeable that you will further impair that person’s senses and coordination, thus increasing the likelihood that he/she will engage in negligent conduct that results in an accident. When, however, the intoxicated person engages in intentional, criminal conduct, the foreseeability is greatly attenuated.
¶68 It may be that a jury would determine that Wells’ intentional act of driving through the wall of the tavern was foreseeable. How *43 ever, given that Wells was brought into the tavern in a wheelchair and that, later, two of his companions had to lift him back into the wheelchair to wheel him out of the tavern where he was then placed in the car by his niece, reasonable minds could certainly disagree as to whether it would be foreseeable that he would then drive a car through the tavern wall. In Estate of Strever, we “emphasize[d] that a cause of action involving superseding intervening acts, whether criminal or non-criminal, normally involves questions of fact which are more properly left to the finder of fact for resolution.” Estate of Strever, 278 Mont. at 178, 924 P.2d at 673-74. Rather than establish a precedent that all drunken conduct is foreseeable as a matter of law, I would reverse the District Court’s refusal of the jury instruction on intervening, superseding cause and submit the issue to the jury.
¶69 I also dissent from the Court’s resolution of issue two. I would reverse the District Court’s exclusion of evidence of the criminal proceedings against James Wells. As a result of the incident at the Town Tavern, Wells was arrested and charged with four felony counts, including two counts of criminal endangerment, § 45-5-207, MCA, which requires a showing that he knowingly engaged in specific conduct, and felony criminal mischief, § 45-6-101, MCA, which requires knowing and purposeful conduct. Wells pled guilty to all four counts thereby admitting that he had acted intentionally and purposefully when he drove through the tavern wall.
¶70 Mortensen argues that Wells’ convictions should have been admissible to prove that Wells’ conduct was intentional, criminal and therefore not foreseeable since one normally has less reason to anticipate acts that are “ ‘malicious and intentionally damaging,’ ” especially when “ ‘such acts are criminal.’ ” Estate of Strever, 278 Mont. at 176, 924 P.2d at 672 (citation omitted). The Court skirts this rule by noting that in Estate of Strever we stated that the rule applies “ ‘in the absence of any reason to expect the contrary....’ ” Estate of Strever, 278 Mont. at 176-77, 924 P.2d at 673 (citation omitted). The Court reasons that Mortensen, as the server of the alcohol, had every reason to “expect the contrary,” that Wells would engage in drunken conduct; that under the dram shop act, it is foreseeable as a matter of law that an intoxicated tavern patron may drive a vehicle while intoxicated and that an injury-producing accident may result. The Court states: “The question, however, is not whether Wells’ conduct was criminal and intentional, but whether it was foreseeable.” That begs the question. The intentional and criminal nature of Wells’ conduct goes to the *44 question of whether Wells’ conduct could reasonably be foreseen. As it did in resolving the first issue, the Court reasons that all drunken conduct of tavern patrons is reasonably foreseeable. Again, I disagree with that broad proposition. Furthermore, I do not see any basis for concluding that the dram shop act stands for that proposition. As the majority points out, under the dram shop act, a tavern owner must reasonably foresee that an intoxicated patron may drive a vehicle and that an injury producing “accident” may result. Whether Wells acted intentionally is relevant to the question of whether the incident was an accident. Mortensen should not have been precluded from introducing evidence that this was no “accident” and that it was the result of Wells’ intentional, criminal conduct which Wells admitted to when he pled guilty to the felony criminal charges.
¶71 I would reverse the District Court and allow the introduction of the criminal convictions for the jury to consider in determining whether or not Wells’ conduct was an intervening, superseding cause.
¶72 Finally, as to issue three, Mortensen contended that the test results of Wells’ blood alcohol content taken by the hospital shortly after the incident were not admissible because the standard for civil liability pursuant to § 27-1-710, MCA, is “visible intoxication,” rather than “legal intoxication.” The District Court agreed and granted his motion in limine excluding evidence of the BAC results. Having concluded that actual blood alcohol content was not admissible, the District Court resorted to legerdemain and allowed Cusenbary’s expert to testify as to a hypothetical blood alcohol content and what that signified in terms of visible signs of intoxication. This ruling truly befuddles me. Either blood alcohol content is relevant or it is not. If it is, then actual, not hypothetical, blood alcohol content is more probative. I agree that blood alcohol content in any form was not relevant to the question of whether Wells was visibly intoxicated. That question should have been resolved with testimony from those who saw Wells in the tavern. The expert testimony as to Wells’ hypothetical blood alcohol content should have been excluded. I would reverse the District Court on that issue.
¶73 In conclusion, under issue four I concur that the District Court properly dismissed Mortensen’s third party complaint. However, I would reverse and remand for a new trial on the remaining issues.
JUSTICE GRAY joins in the foregoing dissenting opinion of JUSTICE LEAPHART.